(No. 80-CV-0152–)

*In re* APPLICATION OF PAULINE M. DELLE.

*Opinion filed February 5, 1981.*

PAULINE M. DELLE, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on June 13, 1979. Pauline M. Delle, wife of the deceased victim, Fred C. Delle, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, Fred C. Delle, age 50, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: Murder. Ill. Rev. Stat. 1977, ch. 38, par. 9—1.

2. That on June 13, 1979, the victim was shot by an unknown offender for no apparent reason. The incident occurred on the street at 4567 W. Patterson, Chicago, Illinois. The victim was taken to Northwest Hospital where he was pronounced dead on arrival.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and her minor daughter, Denise Delle, age 11.

4. That the Claimant incurred funeral and burial expenses in the amount of $3,462.05, which the Claimant has paid, of which $2,000.00 has been deemed reasonable and therefore compensable by the Court.

5. That the Claimant, Pauline Delle, and her minor child, Denise Delle, were totally dependent upon the victim for support.

6. That prior to his death, the victim was employed by Enameled Steel and Sign Company and his average monthly earnings were $1,387.82.

7. That section 4 of the Act states "* * * loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

8. That the victim was 50 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1976, Life Tables, Volume II, his life expectancy would have been 74.2 years. The projected loss of support for 24.2 years is in excess of $10,000.00 which is the maximum amount compensable under section 7(e) of the Act.

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under

the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

11. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of $10,000.00 maximum allowed in section 7(e) of the Act.

13. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the alternative provisions of section 8 of the Act.

It is therefore hereby ordered that the sum of $10,000.00 (ten thousand dollars) be and is hereby awarded to Pauline M. Delle, wife of Fred C. Delle, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $2,000.00 (two thousand dollars) to be paid to Pauline M. Delle for funeral expenses;

(b) Sixteen (16) equal monthly payments of $500.00 (five hundred dollars) each to be paid to Pauline M. Delle for the use and benefit of herself and Denise Delle;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death

or marriage for the purpose of the possible modification of the award.